MICHAEL CONOLLY, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Cook.*

An indictment for an assault, with intent to commit a robbery, which does not state the intent with which the assault was committed, is bad.

The criminal code provides that every indictment shall be deemed sufficiently technical and correct, which states the offence in the terms and language of the code, or so plainly that the nature of the offence may be easily understood by the jury. No more general rule than this can be laid down by the Court, in regard to the form and structure of an indictment. The sufficiency of each indictment, under the statute, must, from necessity, depend upon its own peculiar terms and language; and the Court is, to some extent, vested with a sound discretion as to the form.

If an offence is not set out in an indictment with clearness and precision, the Court will, upon motion, quash the indictment; but after the accused has submitted, without objection, to be tried under an indictment, and is convicted, he cannot raise an objection to the indictment, which relates only to its form, and not to an obvious and substantial defect.

An indictment for an assault with intent to commit a robbery, which charged that the prisoner "in and upon the person of George H. Germain, in the peace of the people of the State of Illinois, then and there being, with force and arms, did make an assault, with an intent then and there, wilfully and unlawfully, and feloniously to commit a robbery; and other wrongs to the said George H. Germain did then and there,'" &c., is sufficient, under the statute.

The plaintiff in error was tried and convicted on the following indictment, in the Cook Circuit Court:

" State of Illinois, ⎱ ss.
County of Cook, ⎰

" Of the special July term of the Cook County Circuit Court, in the year of our Lord one thousand eight hundred and forty-two.

" The grand jurors chosen, selected, and sworn, in and for the county of Cook, in the name, and by the authority of the People of the State of Illinois, upon their oaths present, that Michael Conolly, Daniel Conolly, and John Holland, late of said county, on the fifth day of December, in the year of our Lord one thousand eight hundered and forty-one, and in the county of Cook aforesaid, in and upon one George H. Germain, in the peace of the People of the State of Illinois, then and there being, with force and arms, did make an assault, and him, the said George H. Germain, then and there feloniously, wilfully, and unlawfully, to rob, and other wrongs to the said George H. Germain, then and there did, to the great damage of the said George H. Germain, contrary to the form of the statute in such case made, and against the peace and dignity of the same People of the State of Illinois.

" And the grand jurors aforesaid, upon their oaths aforesaid, do further present, that the said Michael Conolly, Daniel Conolly, and John Holland, late of said county, on the fifth day of December, in the year of our Lord one thousand eight hundred and forty-one, in the county of Cook aforesaid, in and upon the person of George H. Germain, in the peace of the People of the State of Illinois,

then and there being, with force and arms, did make an assault, with an intent, then and there, wilfully and unlawfully and feloniously to commit a robbery, and other wrongs to the said George H. Germain, did then and there, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois.

"JAMES M. STRODE, State's Attorney."

The prisoner was sentenced to the penitentiary. To reverse the judgment of the Court below, the plaintiff in error has brought the cause to this Court.

The causes of error assigned are as follows:

1. The indictment is insufficient. It does not state the facts and circumstances necessary to constitute the offence.

2. The indictment does not charge either force or intimidation; it neither states that the person on whom the robbery was intended to be, was put in bodily fear nor that violence was used, or intended to be used.

3. The first count in the indictment does not state with what intent the assault was made.

4. It does not state of what the defendant intended to rob the person named.

5. The second count does not state who was intended to be robbed, nor of what, nor any other circumstance constituting the offence.

6. The whole indictment is uncertain, general, and defective; and such as will not authorize the judgment rendered by a conviction under it.

I. N. ARNOLD, for the plaintiff in error:

The indictment is defective in not sufficiently describing the offence.

The first count does not state with what intent the assault was made on Germain.

The second count does not state who was intended to be robbed, nor of what it was intended to rob.

Neither count alleges any value to the property intended to be taken by the robbery. Criminal Code, §§ 61, 64, 252.

It is not sufficient to charge the defendant generally with having committed the offence, but the facts and circumstances must be set forth. 1 Chit. Crim. Law 172, 227; Arch. C. P. 38.

If any fact or circumstance, which is a necessary ingredient in the offence, be omitted, the omission is fatal after judgment. Arch. C. P. 38.

The indictment does not charge force or intimidation, nor that the offence was committed violently. Arch. C. P. 47; 1 Russ. on Crimes, 619–20; 1 Hale P. C. 534.

The precedents all concur in setting out the offence as committed

Conolly *v*. The People.

feloniously and violently, and that the person attempted to be robbed was put in bodily fear. 1 Hawkins P. C. 149, § 10 ; Arch. C. P. 240.

J. LAMBORN, Attorney General, for the defendants in error, cited Crim. Code, § § 152–3, and contended that it was sufficient, if the indictment state the offence in the language of the statute, and that the offence in this case, and especially in the second count, was sufficiently explicit after verdict, there having been no motion to quash, nor any exception taken to the verdict, in the Court below. Sufficient appears in the indictment to enable the jury to understand it, and this is all that is required by the criminal code

O. PETERS, in reply :

The first count charges a mere assault and battery, but shows no intent to rob. This count is clearly bad.

The second count does not sufficiently allege the intent and design to have been unlawful.

The indictment should not only show that the assault was unlawfully committed, but that the intent or design was unlawful. Breese 199 ; 1 Scam. 288.

The jury could not have understood from the indictment itself, what the offence was ; inasmuch as it no where appears on whom the robbery was attempted, nor of what it was intended to rob him. It should appear that the assault was such that if there had been a taking, it would have constituted a robbery. This does not appear.

Though it is difficult ‹  determine the exact object and intent of the legislature in providi‹ ʾhat indictments shall be deemed sufficient, if they follow the la‹ ʾage of the criminal code, yet it would be going a very dangerou  ̱ngth to sustain such an indictment as this, and tend to the intro  ʾion of a looseness and want of accuracy in practice, most di ·  litable, as well as dangerous to the liberty of the citizen.

WILSON, Chief Justice.ʾ  ʾered the opinion of the Court : (1)

The plaintiff in error wː  ed and convicted upon an indictment charging him with an ɛ  lt, with intent to commit a robbery. No exception was taken to  indictment before or after trial, in the Court below. The cas  brought here by writ of error, and several errors are assigned  he reversal of the judgment of the Court below.

The first count of the ir  tment is unquestionably bad ; the intent with which the assaul  as made is the gist of the offence, and this is omitted to be cha  ɛd in the count.

(1) LOCKWOOD, Justice, did not  ·ɛar the argument in this case, and gave no opinion.

The second count charges that the defendant, Michael Conolly, (and two others who are named, but were not tried,) late of the said county, on the 5th day of December, 1841, in the county of Cook aforesaid, in and upon the person of George H. Germain, in the peace of the People of the State of Illinois, then and there being, with force and arms, did make an assault with an intent, then and there, unlawfully, wilfully, and feloniously to commit a robbery, and other wrongs to the said George H. Germain, did then and there, &c.

The exception taken to this count is, that it does not charge who was intended to be robbed, nor of what. The first is doubtless a material fact, and must be plainly charged in the indictment to make it a good one. Is it so charged, then, is the question to be decided? Under the provisions of our statute, we think it is, although it might be otherwise at common law. By the 152d section of the criminal code, it is enacted that "Every indictment of the grand jury shall be deemed sufficiently technical and correct, which states the offence in the terms and language of this code, or so plainly that the nature of the offence may be easily understood by the jury;" and by the 153d section, it is provided that "All exceptions which go merely to the form of the indictment, shall be made before trial, and no motion in arrest of judgment, or writ of error, shall be sustained, for any matter not affecting the real merits of the offence charged in the indictment." (1)

These provisions were intended to simplify the rules of proceeding in criminal cases, and to do away with those niceties and technicalities of the common law, which made distinctions where there was no difference, and which were thought often more to impede the administration of justice, than to promote it. They were intended to vest in the Court, to some extent, a sound legal discretion as to the form of the indictment, more especially when no exception is taken to it before trial. No danger can result to the accused, from the possession of this discretion by the Court, for all that is essential to a clear statement of the offence, so that it may be easily understood, is still required; and this is all that is important for the accused, or his triers to know. If the offence is not set out with clearness and precision, the Court will, upon motion, quash the indictment; but after the accused has submitted, without objection, to be tried under an indictment, an objection that is raised, after conviction, will not be regarded, if it relates only to form, and not to an obvious and substantial defect.

This indictment charges that Michael Conolly, in and upon the person of George H. Germain, made an assault, with an intent to commit a robbery, and other wrongs to the said George H. Germain, did then and there. This charge is not in the usual form, and evinces great negligence or want of skill, in the State's Attor-

(1) R. L. 207-8; Gale's Stat. 228.

ney, but taking all together, and connecting the charge of the assault upon Germain, with an intent to commit a robbery, with that which immediately follows, of doing other wrongs to the said Germain, and the obvious and common sense import of the language, to the mind of every juror would be, that Conolly made an assault upon Germain, with an intent to rob him and otherwise injure him; and if such would be the understanding of a jury, then the indictment is sufficiently technical and correct, under the sections of the statute referred to, unless we deny to them the only operation they are capable of.

The objection that the subject matter of the intended robbery is not stated, is without foundation. The nature of the charge that the defendant intended to commit a robbery, implies that he intended to take something, the taking of which would constitute the crime of robbery. As the robbery was not committed, it was impossible to know of what it was intended; and had it been known, it was unnecessary to name it, as the offence would have been the same, let the thing intended to be taken, have been what it might.

No general rule more precise than that given by the statute can be laid down by the Court. The sufficiency of each indictment, under the statute, must, from necessity depend upon its own peculiar terms and language; and although we think the accusation in this case so "plainly stated that the nature of the offence may be easily understood by the jury," and that a conviction under this indictment would be a bar to any future prosecution for the same offence, and that it is consequently sufficient, so that an objection now made for the first time cannot prevail; yet this view of the subject is not to be understood by State's Attorneys, as a license to experiment in the discharge of their duties, by neglecting approved forms.

The judgment is affirmed with costs.

*Judgment affirmed.*